IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Moses McCormick, et al.,

    Plaintiffs,

v.

Judge Kim A. Browne, et al.

    Defendants.

Case No: 2:17-cv-595

Judge Graham

Opinion and Order

    Plaintiffs Moses McCormick and his brother Mark McCormick, both proceeding *pro se*, bring this action for monetary damages under 42 U.S.C. § 1983 against Judge Kim A. Browne and Magistrate Bryan K. Elliot of the Franklin County Court of Common Pleas, Domestic Relations and Juvenile Division. Plaintiff Moses McCormick alleges that Magistrate Elliot issued a child custody order on December 6, 2016 which allegedly lacked "probably cause" and deprived McCormick "of the right to keep my children out of daycare." (Doc. 1 at p. 4). Judge Browne allegedly upheld the Magistrate's order against a challenge by McCormick and ruled in his ex-wife's favor even though "she was not [a] credible" witness. (Id. at p. 5). Magistrate Elliot is also alleged to have ruled unfavorably to McCormick regarding a psychological evaluation. Apparently, defendants' custody-related rulings have allegedly deprived plaintiff Mark McCormick of an opportunity to spend time with his brother's children.

    This matter is before the court on defendants' motion to dismiss. When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

1

Defendants argue that this action must be dismissed because they are entitled to absolute judicial immunity. The court agrees. "It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages. . . . The passage of 42 U.S.C. § 1983 did nothing to change this ancient understanding." Bright v. Gallia Cty., Ohio, 753 F.3d 639, 648-49 (6th Cir. 2014) (internal citations and quotation marks omitted). This immunity is overcome "only in two instances: 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" Id. at 649 (quoting Mireles v. Waco, 502 U.S. 9, 9 (1991)).

The complaint makes clear that this suit is based on actions taken by the defendants in their judicial roles – Magistrate Elliot in his role of issuing a child custody order and ordering a psychological evaluation, and Judge Browne in her role of adopting the Magistrate's orders and recommendations. See Ohio R. Civ. P. 53. It is equally clear that defendants' actions in the course of the divorce and child custody proceedings fall squarely within their jurisdiction as judges for the Domestic Relations Court. See O.R.C. Title 31.

Plaintiffs request leave to amend the complaint "to cure any deficiencies." (Doc. 5 at p. 13). The court finds that any amendment would be futile. See Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003) ("[L]eave to amend may be denied where the amendment would be futile."). The deficiency of the complaint is not a lack of factual allegations; it is that plaintiffs complain of conduct for which defendants are absolutely immune.

Accordingly, the motion to dismiss (doc. 4) is granted.

                                                                          s/ James L. Graham
                                                                          JAMES L. GRAHAM
                                                                          United States District Judge

DATE: December 27, 2017